UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MORTEZA HAKIMI, | ) CASE NO.: C06-0590-TSZ |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| SANDRA CARTER, | ) |
| Respondent. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Morteza Hakimi is a state prisoner who is currently incarcerated at the Clallam Bay Corrections Center. He has filed a petition under 28 U.S.C. § 2254 seeking relief from his 2002 Snohomish County Superior Court convictions on child molestation charges. Respondent has filed an answer to the petition as well as relevant portions of the state court record. Petitioner has filed a response to respondent's answer, and respondent has filed a reply brief in support of her answer. The briefing is complete and this matter is ripe for review. Following a careful review of the record, this Court concludes that petitioner's § 2254 petition and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE -1

## PROCEDURAL HISTORY

On October 18, 2002, petitioner was convicted, following a jury trial, on three counts of child molestation in the first degree. (Dkt. No. 16, Ex. 1 at 1.) On December 16, 2002, petitioner was sentenced to a term of 114 months confinement. (*Id*., Ex. 1 at 6.)

Petitioner appealed his convictions to the Washington Court of Appeals. (*See id*., Ex. 2.) On July 26, 2004, the Court of Appeals issued an unpublished opinion affirming petitioner's convictions. (*Id*., Ex. 2.)

Petitioner thereafter filed a petition for review in the Washington Supreme Court. (*Id*., Ex. 6.) Petitioner presented the following issues to the Supreme Court for review:

> Whether the Court of Appeals erred when it held that the Petitioner was not denied due process of law when the trial court allowed the children witnesses to carry props with them to the witness stand and allowed the prosecutor to rehabilitate the testimony of one child when there was no attempt to impeach her.

(*Id*., Ex. 6 at 1.) On May 3, 2005, the Supreme Court issued an order denying review without comment. (*Id*., Ex. 7.) The Court of Appeals issued its mandate terminating direct review on June 22, 2005. (*Id*., Ex. 8.)

On December 5, 2005, petitioner, through counsel, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in which he sought to challenge his 2002 Snohomish County convictions. (*See* C05-2018-JCC, Dkt. No. 1.) The respondent in that action, Alice Payne, filed an answer to the petition in which she argued that petitioner had failed to fully and fairly exhaust his federal habeas claim in the state courts. (*Id*., Dkt. No. 12.) Petitioner thereafter filed a personal restraint petition in the state courts, again with the assistance of counsel, and moved to dismiss his federal habeas petition to allow him an opportunity to properly exhaust his claim. (*See* Dkt. No. 16, Ex.

10 and C05-2018-JCC, Dkt. No. 14.)

Petitioner's motion to dismiss was granted on April 11, 2006. (*See* Dkt. No. 16, Ex. 9.) And, on April 24, 2006, the Washington Court of Appeals dismissed petitioner's personal restraint petition. (*Id.*, Ex. 11.) The Court of Appeals explained in its order of dismissal that it had rejected on direct appeal virtually the same argument presented in petitioner's personal restraint petition and that petitioner had not made a sufficient showing to warrant re-litigation of the issue. (*See* Dkt. No. 16, Ex. 11.) Petitioner did not seek any further review by the Washington Supreme Court.

Petitioner re-filed his federal habeas action on April 27, 2006. (*See* Dkt. No. 1.) Respondent Sandra Carter filed an answer to petitioner's federal habeas petition in which she argues that the petition should be dismissed because petitioner's federal habeas claim is unexhausted, procedurally barred, and not cognizable in this federal habeas action.

GROUNDS FOR RELIEF

Petitioner presents the following ground for relief in his amended federal habeas petition:

> Conviction was obtained by denying the defendant a fair trial because the State supplied the child witnesses with a doll to carry to the witness stand when they testified before a jury.

(*See* Dkt. No. 9 at 5.)

DISCUSSION

The United States Supreme Court has made clear that state remedies must first be exhausted on all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. §2254(b), (c). Exhaustion must be shown either by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy

remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)(citations omitted).

The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). A federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Id.*

"If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d at 830. In addition, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the substance of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

While the state courts, on direct appeal, considered petitioner's state law claim that the trial court abused its discretion and denied him a fair trial when it allowed the child witnesses to hold a doll on the witness stand, the state courts were not provided a full and fair opportunity to consider petitioner's federal constitutional claim based on the same facts. As respondent correctly notes, petitioner failed to present his federal constitutional claim to the Washington Supreme Court on collateral review. Instead, petitioner returned immediately to this Court when the Washington Court of Appeals dismissed his personal restraint petition on procedural grounds.

Petitioner, in his response to respondent's answer, essentially argues that he did not present

REPORT AND RECOMMENDATION
PAGE -4

his federal constitutional claim to the Washington Supreme Court because it would have been futile to do so. (*See* Dkt. No. 19.) However, a petitioner may not circumvent the exhaustion requirement merely because he believes his claim may be rejected. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982). *See also*, *Roberts v. Arave*, 847 F.2d 528, 530; *Noltie v. Peterson*, 9 F.3d 802, 805-06 (1993). Rather, the state courts must be given a full and fair opportunity to consider the merits of a constitutional challenge. Because petitioner did not give the Washington Supreme Court a full and fair opportunity to consider the merits of his federal constitutional claim, that claim has not been properly exhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

And, because the Washington Court of Appeals declined to consider petitioner's federal habeas claim on procedural grounds, it appears that petitioner has, in fact, defaulted on his claim in the state courts. When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Noltie,* 9 F.3d at 804-05 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United*

REPORT AND RECOMMENDATION
PAGE -5

*States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray v. Carrier*, 477 U.S. at 495-96.

Petitioner fails to establish that any factor external to the defense prevented him from complying with the state's procedural rules. Because petitioner has not met his burden of demonstrating cause for his procedural default, this Court need not determine whether petitioner carried his burden of showing actual prejudice. *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). In addition, petitioner makes no colorable showing of actual innocence. Petitioner therefore fails to demonstrate that his claim is eligible for federal habeas review.

## CONCLUSION

For the reasons set forth above, petitioner's federal habeas petition, and this action, should be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 7th day of March, 2007.

Mary Alice Theiler
United States Magistrate Judge